

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir;

Opinion No. O-794
Re: Pertaining to examining trials
and fees payable under the pro-
visions of Article 1020, Code
of Criminal Procedure, 1925,
as amended.

We acknowledge with thanks the receipt of your let-
ter of May 22, 1939, clarifying a request for an opinion as
contained in your letter of May 9. In accordance with your
letter of May 22, we herein set forth your request and as
originally made to this department;

"To clarify my inquiry of May 9th, will
state that there were four complaints charged
against each of five defendants, all complaints
for the same crime, though committed at different
times, and that all defendants were charged with
the same violation, namely chicken theft."

"May the Justice hold the Examining Trial
of the five defendants at the same time or must
he hold an examining trial for each offense?
Must each defendant be tried separately -- and
can he be tried on all four offenses charged
against him?

"If all defendants waive examining trial
is the Justice entitled to a fee; the County
Attorney not present on the trial day and not
putting on any evidence?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1020, Code of Criminal Procedure, 1925, as amended by the Acts of 1933, 43rd Legislature, Chapter 99, reads in part as follows:

"In each case where a County Judge or a Justice of the Peace shall sit as an examining court in a felony case, they shall be entitled to the same fees allowed by law for similar services in misdemeanor cases to Justices of the Peace, and ten cents for each one hundred words for writing down the testimony, to be paid by the State, not to exceed Three and No/100 ($3.00) Dollars, for all his services in any one case.

"....

"District and County Attorneys, for attending and prosecuting any felony case before an examining court, shall be entitled to a fee of Five and no 100 ($5.00) Dollars, to be paid by the State for each case prosecuted by him before such court. Such fee shall not be paid except in cases where the testimony of the material witnesses to the transaction shall be reduced to writing, subscribed and sworn to by said witnesses; and provided further that such written testimony of all material witnesses to the transaction shall be delivered to the District Clerk under seal, who shall deliver the same to the foreman of the grand jury and take his receipt therefor. Such foreman shall, on or before the adjournment of the grand jury, return the same to the clerk who shall receipt him and shall keep said testimony in the files of his office for a period of five years.

"The fees mentioned in this Article shall become due and payable only after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the Judge of the District Court, and said County or District Attorney shall present to the District Judge the testimony transcribed in the examining trial, who shall examine

the same and certify that he has done so and that he finds the testimony of one or more witnesses to be material; and provided further that a certificate from the District Clerk, showing that the written testimony of the material witnesses has been filed with said District Clerk in accordance with the preceding paragraph, shall be attached to said account before such District or County Attorney shall be entitled to a fee in any felony case for services performed before an examining court.

"Only one fee shall be allowed to any officer mentioned herein for services rendered in an examining trial, though more than one defendant is joined in the complaint, or a severance is had. When defendants are proceeded against separately, who could have been proceeded against jointly, but one fee shall be allowed in all cases that could have been so joined. No more than one fee shall be allowed to any officer where more than one case is filed against the same defendant for offenses growing out of the same criminal act or transaction. The account of the officer and the approval of the District Judge must affirmatively show that the provisions of this Article have been complied with."

Article 299 of the Code of Criminal Procedure, 1925, provides:

"The accused may waive an examining trial in any bailable case and consent for the magistrate to require bail of him; but the prosecutor or magistrate may examine the witnesses for the State as in other cases. The magistrate shall send to the proper clerk with the other proceedings in the case a list of the witnesses for the State, their residence and whether examined."

The above Article 1020 provides that when the defendants are proceeded against separately, who could have been proceeded against jointly, but one fee shall be allowed in all cases that should have been so joined. While this provision places a limitation on the fees under such circumstances, we

find no statutory prohibition against holding examining trials separately for each defendant in each crime or offense charged. A proper construction of the statute, would be to give recognition to the defendants charged in more than one case, to each crime or offense for which they are charged, and for each such case or offense, accord them a separate examining trial. Should the defendants offer no objection, we see no reason why the justice may not hold one examining trial for all offenses or separate transactions for which all the defendants are charged. However, where five defendants are charged by separate complaints with the same criminal act or offense, regardless of whether or not an examining trial is held for each, the statute limits the justice to only one examining trial fee for the offense or criminal act committed jointly by all. It has long been the policy of the state to allow only one such examining trial fee in such cases. In all cases that could have been so joined, the statute only authorizes one examining trial fee.

In answer to your first question, it is the opinion of this department that the justice may hold one examining trial of five defendants charged with the same offense or criminal act. Where the five defendants are by three additional complaints charged with three other offenses, of the same nature but different transactions, an examining trial on each complaint should be accorded all the defendants. It is not mandatory that each defendant be given an examining trial separate from the other defendants so charged, all being in custody.

Your attention is directed to the provisions of Article 1020, supra, which provides the fees to which a justice of the peace shall be entitled in each case where a justice of the peace shall sit as an examining court in a felony case. Article 299, supra, authorizes the justices to proceed with an examining trial even though the defendants waive same. Porch v. State, 51 Cr. Rep. 7, 99 S. W. 1124. The fact that the county attorney was not present on the trial day and did not put on any evidence would not necessarily prevent the justice of the peace from examining the witnesses or holding an examining trial under the provisions of the statutes set forth herein. Such fact question is authorized to be passed upon by the District Court when the account of the justice for his fee is presented for approval.

In answer to your second question, therefore, it is the opinion of this department that where all defendants waive examining trial for the same offense or criminal act charged, the justice being authorized to proceed, must comply with the provisions of Article 299, Code of Criminal Procedure, 1925, before being entitled to a fee for holding an examining trial.

Trusting the above answers your requests, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
(Signed)    William J. R. King
Assistant

WmK:FL

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

(APPROVED            )
(Opinion Committee   )
(By HGB, Chairman.   )